JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10034 PA (MRWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | Edith Lujan v. Sourcecorp BPS, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

Before the Court is the Notice of Removal filed by defendant Sourcecorp BPS, Inc., ("Defendant").  Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  In light of the "strong presumption" against removal jurisdiction, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992).

Federal diversity jurisdiction requires that all parties to the action be citizens of different states.  See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.

Defendant's Notice of Removal alleges:

> A party's residence is prima facie evidence of his domicile.  State Farm v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff was at all relevant times a resident of the State of California, County of Los Angeles.  (Complaint ¶ 1.)  Plaintiff thus is, and at all times since the commencement of this action has been, a citizen of the

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10034 PA (MRWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | Edith Lujan v. Sourcecorp BPS, Inc., et al. | | |

State of California.

(Notice of Removal ¶ 8.) This allegation is defective because it alleges Plaintiff's citizenship based only upon an inference from her residence. Though residence may be prima facie evidence of citizenship under Tenth Circuit authority when a diversity action has been brought to a district court in the first instance, it is not sufficient to establish citizenship in a removed action because there is a strong presumption against removal jurisdiction. See Kanter, 265 F.3d at 857; Gaus, 980 F.2d at 567. In seeking to invoke this Court's removal jurisdiction, defendant always bears the burden of proving that removal is proper. Gaus, 980 F.2d at 566. Defendant has failed to meet this burden.

Because neither the "four corners" of the Complaint nor the Notice of Removal contains sufficient allegations concerning the citizenship of the plaintiff, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (2005). Accordingly, the Court remands this action to the Los Angeles Superior Court, case number BC 472142, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.